UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANWAR L. GAGE,

                Plaintiff,

      -against-

FCI OTISVILLE FEDERAL CORRECTIONAL
INSTITUTION, ET AL.,

                Defendants.

22-CV-7810 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff Anwar L. Gage ("Gage" or "Plaintiff"), currently incarcerated at FCI Fairton, brings this pro se Action, for which the filing fees have been paid, alleging that Defendants violated his federal constitutional rights when he was incarcerated at FCI Otisville.[1]  For the reasons set forth below, the Court dismisses Plaintiff's claims against FCI Otisville, directs service on the remaining defendants, and denies Plaintiff's motion requesting pro bono counsel without prejudice to renewal at a later time.

## I.  STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Plaintiff filed this action on September 9, 2022.  By order dated September 14, 2022, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, directed Plaintiff, within 30 days, to either pay the $402.00 in fees required to file a civil action or submit a prisoner authorization. (Dkt. No. 5.)  On November 15, 2022, because there was no indication on the docket that Plaintiff had paid the fees or submitted a prisoner authorization, Chief Judge Swain dismissed the action without prejudice for Plaintiff's failure to pay the fees or submit a prisoner authorization. (Dkt. No. 6.)  On November 18, 2022, it came to the court's attention that Plaintiff had paid the fees on October 12, 2022, but due to a clerical error, an entry reflecting the payment was not entered on the docket.  By order dated November 18, 2022, Chief Judge Swain directed the Clerk of Court to vacate the order of dismissal and judgment and to reopen the action.  (Dkt. No. 8.)

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## II. DISCUSSION

### A. Claims Against FCI Otisville

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, his claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

Plaintiff's claims against FCI Otisville must be dismissed. The purpose of an implied *Bivens* action "is to deter individual federal officers from committing constitutional violations," *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), and thus the only proper defendant for a *Bivens* claim is an individual federal official, *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484–86 (1994) (holding that a *Bivens* claim does not lie against a federal agency). Because FCI Otisville is not an individual federal officer, the Court dismisses Plaintiff's claims against it for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

B.  Service on Remaining Defendants

The Clerk of Court is directed to issue summonses as to Defendants Warden W.S. Plirer, Special Investigative Supervisor Clemons, Special Investigative Agent Sussney, Dr. Fazio, Captain Okane, Lieutenant Johnson, and Correction Officers Colins, Taylor, Iconcleco, Tsarusky, and R. Ferry.  Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses.  If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

C.  Request for Pro Bono Counsel

Plaintiff has filed a motion requesting that the Court appoint him counsel.  (Mot. for Appointment of Counsel ("Appointment Mot.") (Dkt No. 4).)  Plaintiff claims that he has sent a request to two attorneys but does not appear to have received any responses.  (*Id*.)  For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).  First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'"  *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no

3

chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff asserts that in January 2022 he informed Dr. Fazio ("Fazio") and other Special Investigative Staff in writing that he was having disputes with Robert Johnson ("Johnson"), another prisoner whom Plaintiff alleges is the bodyguard for the "Head Muslim" at the facility and who "was

4

known for his aggressive nature." (Compl. 3.) Fazio told Johnson that Plaintiff had informed him of the "personal issues" between Plaintiff and Johnson, and Johnson immediately returned to the dorm and assaulted Plaintiff. (*Id.*) On June 23, 2022, despite alerting officers of the tension between him and Johnson, Plaintiff was moved into a Special Housing Unit cell with Johnson. (*Id.* at 4.) On the same date, Plaintiff completed a protective custody packet in which he requested protection from Johnson, whom Plaintiff informed the warden had placed two hits on his life. (*Id.*) Plaintiff's request was granted, but he remained confined to the same cell as Johnson. (*Id.*) On the following day, June 24, 2022, Johnson again assaulted Plaintiff, resulting in Plaintiff's losing a tooth. (*Id.* at 5.) Defendants Iconcleco and Tsarusky used "large amounts of pepper spray" to separate Plaintiff and Johnson, and Plaintiff was prohibited from showering for a full day after being pepper sprayed. (*Id.*)

On July 1, 2022, despite the protective order, Plaintiff was placed in the "recreation cage" with inmate Daniel Pineyro ("Pineyro"), whom Plaintiff alleges "was known to assault inmates on behalf of the staff." (*Id.*) Plaintiff alleges that Defendant Ferry deliberately placed Plaintiff in the cage with Pineyro so that Plaintiff would be assaulted. (*Id.* at 6.) When Pineyro charged at Plaintiff and began assaulting him, Defendant Ferry "allowed the fight to persist for an extended period of time to ensure that [Plaintiff] would be injured." (*Id.*)

On July 5, 2022, Defendants Iconcleco and Ferry moved Plaintiff to a new cell "outside of [the] camera recording viewing area." (*Id.*) Upon entering the cell, Plaintiff was immediately attacked by inmate Marcus Roe ("Roe"). (*Id.*) Plaintiff alleges that, prior to the attack, Defendants Colins, Johnson and Taylor heard Roe say that if Plaintiff was moved into his cell, Roe "would personally cause bodily harm to Plaintiff." (*Id.*) Officers again used large amounts of pepper spray to break up the fight, and Plaintiff alleges that he was forced to lay in pepper spray, denied water, medical attention, the use of a bathroom, and was prohibited from showering

5

for more than 24 hours.  (*Id.*)  As a result of this incident, Plaintiff suffered a broken nose, bruised ribs, rashes over his body due to the pepper spray.  (*Id.* at 7.)

To begin, Plaintiff's request states that he has personally contacted two attorneys, and neither appear to have responded.  (Appointment Mot. 1–2.)  While the Court appreciates this effort to obtain counsel, this factor alone does not outweigh the additional *Hodge* factors discussed below.  *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's "search was certainly not an exhaustive one").

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*.  *Johnston*, 606 F.3d at 41 (internal quotation marks omitted).  As to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not demonstrated why he needs counsel.

Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel.  Plaintiff's "properly filed submissions have been presented with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014), demonstrating his ability to compile material facts and convey his arguments to the Court, *see Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999)

(noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] . . . that [the] plaintiff is capable of presenting h[er] positions clearly").

Additionally, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena*, 2013 WL 1165554, at *2. Plaintiff's claim is largely based on the retelling of events that happened in his presence, and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] [his] ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]. *Guzman*, 1999 WL 199068, at *1. While Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

III.  CONCLUSION

The Court dismisses Plaintiff's claims against FCI Otisville for failure to state a claim on which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is directed to issue summonses as to Defendants Warden W.S. Plirer, Special Investigative Supervisor Clemons, Special Investigative Agent Sussney, Dr. Fazio, Captain Okane, Lieutenant Johnson, and Correction Officers Colins, Taylor, Iconcleco, Tsarusky, and R. Ferry.

The Court denies Plaintiff's motion for the Court to request pro bono counsel (Dkt. 4) without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court further directs the Clerk of Court to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 29, 2022
       White Plains, New York

                                                  KENNETH M. KARAS
                                                  United States District Judge